# Chapman v. The State.

*Indictment against Clerk of Circuit Court under Section 4159 of the Code.*

1. *Failure of clerk of circuit court to issue execution, not indictable.* Section 3380 of the Code providing a penalty against the clerk of a circuit court, who fails to issue execution as prescribed by section 3181 of the Code, such dereliction of duty is not indictable under the provisions of section 4159 of the Code, making it a misdemeanor for that officer to fail "to perform any duty imposed on him, for the failure to perform which no other penalty is provided."

[Johnson v. The State.]

Appeal from Choctaw Circuit Court.

Tried before Hon. Wm. E. Clarke.

The facts are stated in the opinion.

Luther R. Smith, for appellant.

H. C. Tompkins, Attorney-General, for the State.

STONE, J.—The present is an indictment under section 4159 of the Code of 1876, which declares it a misdemeanor in the clerk of a circuit court, "who fails to perform any duty imposed on him, for the failure to perform which no other penalty is provided." The offense charged is, that Chapman, who was clerk of the circuit court, failed to issue execution within fifteen days after the adjournment of the Circuit Court of Choctaw county. The indictment is framed under §§ 3181, 4159 of the Code of 1876. It will be observed that section 4159 converts into a misdemeanor only the failure to perform some duty imposed by law, "for the failure to perform which no other penalty is provided." Section 3380 of the Code does provide another penalty "for failing to issue execution as prescribed by section 3181 [of the Code] within the time prescribed by law." This case, then, does not fall within the statute, and no indictment will lie for the alleged dereliction. We need not notice other points raised by the demurrer.

The judgment of the circuit court is reversed; but inasmuch as no conviction can be had on the charge contained in the indictment, the cause is not remanded.

Let the accused go hence without day.